UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8, WHOSE ADDRESS IS 1761 EAST ST. ANDREW PLACE, SANTA ANA, CA 92705-4934, ITS SUCCESSORS OR ASSIGNS, | Case No. 2:17-cv-01764-RFB-VCF<br><br>**ORDER** |

Plaintiff,
v.

SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; THE VILLAS COMMUNITY ASSOCIATION, a Nevada non-profit corporation; TERRA WEST COLLECTIONS GROUP, LLC d/b/a ABSOLUTE COLLECTIONS MANAGEMENT,

Defendants.

---

SFR INVESTMENTS POOL 1, LLC,

Counter/Cross Claimant,
v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR, AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8, WHOSE ADDRESS IS 1761 EAST ST. ANDREW PLACE, SANTA ANA, CA 92705-4934, ITS SUCCESSORS OR ASSIGNS; ALAN HECK, an individual,

Counter/Cross Defendants.

## I. INTRODUCTION

Before the Court are three motions for summary judgment filed by Defendant The Villas Community Association ("Villas"), Defendant/Cross-Claimant/Counter-Claimant SFR Investments Pool 1, LLC ("SFR"), and Plaintiff/Counter-Defendant Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R8, Whose Address is 1761 East St. Andrew Place, Santa Ana, CA 92705-4934, its Successors or Assigns ("Deutsche Bank"). ECF Nos. 45, 46, 47.

In the complaint filed June 27, 2017, Deutsche Bank states five causes of action: (1) Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 *et seq.*, and NRS 40.010; (2) Declaratory Relief Under Amendments V and XIV to the United States Constitution; (3) Quiet Title Under the Amendments V and XIV to the United States Constitution; (4) Permanent and Preliminary Injunction; and (5) Unjust Enrichment. ECF No. 1.

For the reasons stated below, the Court grants Villas's Renewed Motion for Summary Judgment and denies Deutsche Bank's Renewed Motion for Summary Judgment. The Court grants in part and denies in part SFR's Motion for Summary Judgment as detailed below.

## II. FACTUAL BACKGROUND

The Court finds that the following facts are undisputed and that no facts are disputed.

On or about January 3, 2003, Alan Heck purchased the property located at 9302 Orchid Pansy Avenue, Las Vegas, Nevada 89147 (APN 176-05-211-003) ("the Property"). Heck financed the purchase of the Property with a loan secured by a deed of trust recorded on July 9, 2004. The deed of trust named Ameriquest Mortgage Company ("AMS") as the Lender and Beneficiary, and Town and Country Title Services, Inc. as the Trustee, securing a loan in the amount of $259,000.00. On February 28, 2009, Deutsche Bank became the assigned beneficiary under the deed of trust.

On April 24, 2012, a Notice of Delinquent Assessment was recorded against the Property by AMS on behalf of Villas, indicating that $950.96 was due as of April 23, 2012 for "assessments, late fees, special assessments, fines, collection fees, trustee fee, and interest."

On February 11, 2014, a Notice of Default and Election to Sell Under Homeowners Association Lien was recorded against the Property by AMS on behalf of Villas, stating that the amount due as of February 10, 2014 was $3,282.10.

On August 20, 2014, a Notice of Foreclosure Sale was recorded against the Property by AMS on behalf of Villas, stating that the amount due as of the initial publication of the Notice of Sale was $6,104.39.

A non-judicial foreclosure sale ("HOA sale") occurred on September 12, 2014, whereby SFR acquired its interest, if any, in the Property for $56,000. Villas collected $6,181.21 as part of the sale.

### III. PROCEDURAL BACKGROUND

Deutsche Bank filed its complaint on June 27, 2017. ECF No. 1. Villas filed its answer on August 2, 2017. ECF No. 9. SFR filed its answer on September 11, 2017 with a cross-claim against Heck and a counter-claim against Deutsche Bank. ECF No. 16. Deutsche Bank filed an answer to SFR's counter-claim on October 2, 2017. ECF No. 20.

On October 17, 2017, the Court entered a scheduling order. ECF No. 25. On December 8, 2017, a clerk's default was entered against Terra West Collections Group, LLC. ECF No. 31. Discovery closed on February 18, 2018. ECF No. 36.

On March 30, 2018, Villas, SFR, and Deutsche Bank each filed a Motion for Summary Judgment. ECF Nos. 37, 39, 40. On April 2, 2018, a clerk's default was entered against Heck. ECF No. 42.

On April 19, 2018, pursuant to the parties' stipulation, the Court denied the three pending motions for summary judgment without prejudice and issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL. ECF No. 44. The Nevada Supreme Court published an answer to the certified question on August 2, 2018. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

On August 23, 2018, Villas, SFR, and Deutsche Bank each filed a renewed Motion for

Summary Judgment. ECF Nos. 45, 46, 47. The Court will now lift the stay in this case and consider the pending motions.

**IV.  LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

**V.  DISCUSSION**

**a.  SFR's Motion for Summary Judgment**

SFR seeks summary judgment against Deutsche Bank as to Deutsche Bank's claims SFR's counter-claim, and against Heck as to SFR's cross-claim. Only Deutsche Bank responded to SFR's motion. For the following reasons, the Court grants in part and denies in part the motion.

**i.  Facial Unconstitutionality**

SFR argues that Deutsche Bank's claim that NRS Chapter 116 facially violates its constitutional due process rights is foreclosed by Nevada Supreme Court case law. The Court agrees.

In Bourne Valley Court Trust v. Wells Fargo Bank, NA, the Ninth Circuit held that the opt-in notice scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional due process and that NRS 116.31168 did not incorporate the notice requirements of

NRS 107.090. 832 F.3d 1154, 1158–59 (9th Cir. 2016), cert. denied, 137 S. Ct. 2296 (2017). This holding was based upon the Ninth Circuit's interpretation of Nevada's statutory scheme under NRS Chapter 116 as an "opt-in" notice statutory scheme. Importantly, the Nevada Supreme Court had not yet had a direct opportunity to construe the applicable statutes. The Nevada Supreme Court thereafter held that NRS 116.31168 incorporated the notice requirements of NRS 107.090. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1252 (Nev. 2018). Thus, the Nevada Supreme Court found notice to be mandatory to interest holders like Plaintiff. Id. As the Nevada Supreme Court had not previously had an opportunity to explicitly construe the respective state statutes in terms of their notice requirements and as the Nevada Supreme Court is the final arbiter of the construction of Nevada statutes, this Court must follow the Nevada Supreme Court's interpretation of Nevada statutes in this case. California Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001) (explaining that "it is solely within the province of the state courts to authoritatively construe state legislation"); Owen By & Through Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit's interpretation of state law is only binding to the extent there is no subsequent indication from the state court that the interpretation was incorrect). This Court has previously found consistent with the Nevada Supreme Court's interpretation of Nevada law that NRS 107.090 as incorporated by the Nevada HOA lien statute satisfies due process requirements. JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC, 200 F. Supp. 3d 1141, 1160–61 (D. Nev. 2016). The Court incorporates that prior reasoning by reference. Based upon the holding of the Nevada Supreme Court in SFR Investments Pool 1 and this Court's prior analysis, the Court finds that Nevada's statutory scheme in NRS Chapter 116 does not violate due process. Therefore, SFR is entitled to summary judgment on Deutsche Bank's claim as to the facial constitutionality of NRS Chapter 116.

### ii. As-Applied Unconstitutionality

SFR argues that Deutsche Bank lacks standing to make its due process challenge because it received actual notice of the HOA sale and therefore experienced no injury in fact. The Court interprets this to be an argument that Deutsche Bank was not in fact deprived of constitutionally-compliant notice and that any applied due process challenge must therefore fail.

The Court finds that the notice in this case did not deprive Deutsche Bank of due process under the federal constitution. Before a state takes any action that will adversely "affect an interest in life, liberty, or property . . . , a State must provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance." Mullane, 339 U.S. at 315 (citations and quotations omitted). And "if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." Id.

The Court finds, based upon Deutsche Bank's own allegations, that Deutsche Bank received notice of Villas's intent to sell the Property long before Deutsche Bank took any action to foreclose upon the its lien. The Notice of Default and Election to Sell Under Homeowners Association Lien was recorded on February 11, 2014 and the Notice of Sale was recorded on August 20, 2014, providing adequate notice before the September 12, 2014 auction. Deutsche Bank does not allege that it was unaware of these notices. Because Deutsche Bank had notice for several months of the intended sale of the Property, Deutsche Bank had sufficient opportunity to invoke whatever means available, including court intervention or engaging the foreclosing entities, to prevent or halt the sale. It did not. "[I]t is well established that due process is not offended by requiring a person with actual, timely knowledge of an event that may affect a right to exercise due diligence and take necessary steps to preserve that right." In re Medaglia, 52 F.3d 451, 455 (2d Cir. 1995). Deutsche Bank's as-applied due process claim must consequently fail as a matter of law, entitling SFR to summary judgment.

### iii. Unjust Enrichment

SFR argues that Deutsche Bank's unjust enrichment claim also fails as a matter of law. In its unjust enrichment count, Deutsche Bank seeks to revoke from SFR (1) any interest in the Property and (2) the benefit of Deutsche Bank's payment of taxes, insurance or HOA assessments

since the time of the HOA Sale.  Deutsche Bank responds only to SFR's argument as to the first aspect of its unjust enrichment count.

Unjust enrichment is a theory of restitution in which a plaintiff confers a benefit and seeks payment of "as much as he ... deserve[s]" for that benefit.  Certified Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 257 (Nev. 2012) (alteration in original).  "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment for the value thereof."  Id.  Benefit "denotes any form of advantage," including but not limited to retention of money or property.  Id.  However, "principles of unjust enrichment will not support the imposition of a liability that leaves an innocent recipient worse off . . . than if the transaction with the claimant had never taken place."  Id.

Insofar as Deutsche Bank argues SFR's interest in the Property constitutes unjust enrichment, Deutsche Bank cannot succeed.  Deutsche Bank cannot demonstrate that it possessed any encumbrance on the Property, as detailed by this Court above.

SFR argues that Deutsche Bank's unjust enrichment claim regarding its alleged payment of taxes, insurance or HOA assessments is barred by the voluntary payment doctrine.  "The voluntary payment doctrine is a long-standing doctrine of law, which clearly provides that one who makes a payment voluntarily cannot recover it on the ground that he was under no legal obligation to make the payment."  Nevada Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct., 338 P.3d 1250, 1252 (Nev. 2014) (citation omitted).  Once SFR has shown that voluntary payments were made, Deutsche Bank bears the burden to demonstrate that it meets an exception to the voluntary payment doctrine.  Id. at 1254.

While SFR's legal argument has merit, SFR fails to identify facts to this Court regarding what payments Deutsche Bank made and whether they were made voluntarily.  Deutsche Bank fails to respond to SFR's argument.  The Court has not been presented with enough information at this time to conclude that SFR is entitled to summary judgment as to Deutsche Bank's unjust enrichment claim regarding its alleged payment of taxes, insurance or HOA assessments.

#### iv. Cross-Claims and Counter-Claim for Quiet Title

SFR seeks summary judgment in its favor on its counter-claim against Deutsche Bank for quiet title. It requests declaratory relief that the HOA sale vested title in SFR and that Deutsche Bank lacks a right of redemption. SFR additionally seeks summary judgment in its favor on its cross-claim against Heck, who has not participated in this lawsuit thus far and against whom a clerk's default has been entered.

As SFR is the record title holder, it is Deutsche Bank's burden to show that the sale should be set aside. See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 646 (Nev. 2017). For the reasons discussed above, the Court finds that Deutsche Bank is unable as a matter of law to show that its interest in the Property was preserved.

The Court does not find that equitable grounds support any claim to the Property retained by Deutsche Bank. Deutsche Bank argues that the HOA sale must be set aside based on commercial unreasonableness, but NRS Chapter 116 does not contain any provisions requiring that an HOA foreclosure sale be commercially reasonable or limiting the HOA recovery in a sale, nor does it provide for parties to be able to set aside foreclosure sales on these bases. Chapter 116 *does* require that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." NRS 116.1113. "Good faith" is defined in the Nevada Revised Statutes as meaning "honesty in fact and the observance of reasonable commercial standards of fair dealing." NRS 104.1201(t). This definition only applies, however, to the extent that an action is governed by another article of the Uniform Commercial Code ("UCC") as adopted in Nevada. NRS 104.1102. The Nevada Supreme Court has clearly held that HOA foreclosure sales are not governed by the commercial reasonableness standard of the UCC as adopted in Nevada: "we hold that [commercial reasonableness] has no applicability in the context of an HOA foreclosure involving the sale of real property. As to the Restatement's 20-percent standard, we clarify that Shadow Wood did not overturn this court's longstanding rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale absent additional proof of some element of fraud, unfairness, or oppression as accounts for and brings about the

///

inadequacy of price." Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 642–43 (Nev. 2017) (internal citations omitted).

Deutsche Bank also argues that Villas recovered funds in excess of the super-priority amount, but Villas was not precluded by Nevada law in effect at the time from including collection fees and costs in the total amount due under the lien at the time of sale. See Horizons at Seven Hills v. Ikon Holdings, 132 Nev. Adv. Op. 35, 373 P.3d 66, 69 (2016) ("When an HOA forecloses on a property, the pre–2015 amendments of NRS 116.31164(3)(c) and NRS 116.3116(8) allowed for the recoupment of fees and costs.") Deutsche Bank cites, and the Court finds, no authority to support that Villas's recovery of certain funds in excess of the super-priority amount voids the HOA sale.

The Court therefore finds that Deutsche Bank has identified any disputed facts to call into question the validity of the HOA sale. The Court finds based upon the undisputed facts the HOA sale was valid and extinguished all junior liens, including that of Deutsche Bank.

Additionally, the Court can further identify no preserved interest in the Property held by Heck. The Court therefore grants summary judgment as to SFR's counter-claim against Deutsche Bank and cross-claim against Heck and grants declaratory relief.

### b. Villas's Motion for Summary Judgment

Villas seeks summary judgment against Deutsche Bank. For the following reasons, the Court grants the motion.

#### i. Potential Remedy against Villas

Villas argues that Deutsche Bank has no potential remedy against Villas. It asserts that Deutsche Bank has no quiet title action against it because Villas has never claimed interest in the title, such that the only dispute is between Deutsche Bank and SFR. Deutsche Bank argues that its declaratory relief claim implicates Villas as the conductor of the HOA sale.

The Court finds that Villas is a proper party to this action and that an equitable and/or declaratory remedy in favor of Deutsche Bank against Villas is legally possible. Deutsche Bank seeks to nullify the HOA sale, which could implicate the reinstatement of Villas's lien interest as an encumbrance against the Property. Moreover, Villas was the party responsible for the

foreclosure process, the constitutionality of which Deutsche Bank seeks to litigate. The Court therefore disagrees that no remedy is available against Villas as a matter of law and declines to grant summary judgment on that basis.

### ii. Facial and As-Applied Unconstitutionality

Villas makes arguments substantially similar to SFR's arguments above that (1) NRS Chapter 116 is not facially unconstitutional and (2) Deutsche Bank had actual notice of the HOA sale compliant with procedural due process requirements. The Court incorporates by reference its analysis of these issues above. Because the Court finds that Deutsche Bank has no legal basis to successfully challenge the validity of the HOA sale, the Court grants summary judgment in favor of Villas against Deutsche Bank regarding these arguments.

### c. Deutsche Bank's Motion for Summary Judgment

Deutsche Bank seeks summary judgment against all Defendants. Deutsche Bank argues that NRS Chapter 116 is facially unconstitutional and that equitable considerations merit the invalidation of the HOA sale. The Court has addressed these arguments in full above. The Court incorporates by reference its reasoning above and denies Deutsche Bank's motion.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the stay in this case is LIFTED.

**IT IS FURTHER ORDERED** that Villa's Renewed Motion for Summary Judgment (ECF No. 45) is GRANTED.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment (ECF No. 46) is DENIED in part and GRANTED in part as follows: DENIED as to Deutsche Bank's unjust enrichment claim regarding taxes, insurance or HOA assessments; GRANTED as to all other claims by Deutsche Bank; GRANTED as to SFR's counter-claim against Deutsche Bank; and GRANTED as to SFR's cross-claim against Heck.

**IT IS FURTHER ORDERED** that the Court issues declaratory relief in favor of SFR and states the following: that the HOA foreclosure sale and the resulting foreclosure deed are valid as

///

///

a matter of law; that SFR is the rightful owner of title to the Property; and that Deutsche Bank and Heck have no legally cognizable interest in the Property at this time.

**IT IS FURTHER ORDERED** that Deutsche Bank's Renewed Motion for Summary Judgment (ECF No. 47) is DENIED.

**IT IS FURTHER ORDERED** that a status conference is set in this case for May 17, 2019 at 1:00 PM in LV Courtroom 7C.

DATED: March 31, 2019.



RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE